LAYMAN et v. CLAUS et.

GEISBUHLER et v. SAME

Ohio Appeals, 6th Dist., Wood Co.

Decided Dec. 21, 1925.

1271.   WILLS—Where interest of daughter of testator under will was in personal property, her interest on her death would go to her personal representative, and her minor heirs would receive their distributive share from her estate, and their guardian could not maintain action against representative of testator therefor.

YOUNG, J.

The issues in these two actions were presented together by counsel for the respective parties, and will likewise be considered and determined by this court.

Peter J. Layman in his lifetime, executed his will and named his two sons, John and Charles, as executors thereof. After his decease the will was probated and the executors proceeded to administer the estate.   Several accounts were filed by them with the probate court of Wood county, and in 1919, after they had filed a final account, they resigned and the defendant in the above-entitled causes, Frank H. Claus, was appointed administrator de bonis non with the will annexed.   Subsequent to the

filing of an account by the defendant Claus, exceptions were taken by some of the heirs and legatees to the accounts filed by both the executors and the administrator de bonis non. Hearings were had in the probate and common pleas court of said county, and the cases are now in this court on appeal and error to the findings and judgment of the common pleas court.

Numerous questions were presented in the argument by counsel in these cases, and a detailed discussion would result in a lengthy opinion and could be of no value to the parties concerned. Two of the claimed errors assigned are that the findings and judgments were against the weight of the evidence, and that there was error of law in refusing to open up and consider certain accounts filed by the executors and administrators. We have examined the voluminous record very thoroughly, and the issues presented, and we are of the opinion that in cause No. 350 substantial justice has been done the parties, and that the judgment in the court below should be affirmed.

In the appeal case, the issues were joined upon the demurrer to the amended petition of Alexander Geisbuhler, as guardian of four minor heirs of Magdelena Helena Geisbuhler, deceased, who was the daughter of the testator, Peter Layman, and upon the demurrer to the cross-petition of Arthur Geisbuhler, as the administrator of the estate of said Magdelena Helena Geisbuhler, deceased. The case was determined in the court below by sustaining the demurrers and entering final judgment.

This court is now asked to construe said will and to set aside the former judgments with reference to certain accounts filed by the executors and admniistrators, to which exceptions had been filed. After a complete review of this case we are of the opinion that this action cannot be maintained by the plaintiff herein as guardian, for the reason that whatever interest the heirs and legatees have under the will is in the nature of personal proptrty, and that upon the death of the heir the interest would go to the personal representative of such deceased. In the instant case the minor heirs would receive their respective or distributive shares from their mother's estate through her personal representative the administrator. We are therefore of the opinion that the judgment of the court below is correct.

The demurrers in this cause will therefore be sustained and judgment rendered for the defendants.

Judgment accordingly.

Attorneys—Benjamin F. James for Layman et; Ladd & James and Edward M. Fries for Claus et; all of Bowling Green.